IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMILA SMITH, as survivor of Eric Smith, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )           No. 24-cv-2909-TMP |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the court is plaintiff's unopposed Motion for Award of Attorney Fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 18.)[1] Plaintiff Jamila Smith, as the survivor of decedent Eric Smith, filed this action to obtain judicial review of the defendant Commissioner's decision denying Eric Smith's claim for benefits under the Social Security Act. (ECF No. 1.) An order remanding the case to the Commissioner was entered on May 16, 2025. (ECF No. 16.)

Under the EAJA, the court shall "award to a prevailing party

---

[1]After the parties consented to the jurisdiction of a United States magistrate judge on March 20, 2025, this case was referred to the undersigned to conduct all pre- and post-trial proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 12.)

. . . fees and other expenses . . . incurred by the party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As the plaintiff obtained an order from the court remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), she qualifies as a prevailing party under the EAJA. The Court concludes that there are no special circumstances that would make an award unjust. Consequently, plaintiff is entitled to an award of attorney fees.

Plaintiff's counsel submitted a timesheet documenting 17.5 total hours of work on this case, all performed by licensed attorneys. (ECF No. 18-6 at PageID 1164-65.) The value of the services was $4,452.18. (Id.) The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The total fee amount is based on an hourly rate of $254.41 for the 17.5 hours of service performed by attorneys for plaintiff. (ECF No. 18-6 at PageID 1165.) The increase in the hourly rate is based on the rise in the cost of living since March 1996, when the EAJA statutory rate was last increased. The Court finds that the requested rate, the number of hours expended, and

- 2 -

the costs incurred are reasonable. In addition, plaintiff moves for payment of costs owed by her attorneys in the amount of $405.00, which the court also finds reasonable. (ECF No. 18-2 at PageID 1154.) The Commissioner has consented to plaintiff's requested amounts of attorney fees and costs. (Id.)

It is hereby ORDERED that plaintiff Jamila Smith be awarded attorney fees under the EAJA in the amount of $4,452.18 and costs in the amount of $405.00, made payable to plaintiff's counsel. Plaintiff has assigned these funds to her attorneys at Donati Law, PLLC. (ECF No. 18-7 at PageID 1166.)

Remittance of the awarded attorney fees will be contingent upon a determination by the government that plaintiff owes no debt(s) to the government that is subject to offset. If such a debt(s) exists, the government may make the entire EAJA fee payable to plaintiff and use the EAJA fee as an offset to the debt. See 31 C.F.R. § 285.5(e)(6)(ii); Astrue v. Ratliff, 560 U.S. 586 (2010). If the government determines that plaintiff's EAJA fees are not subject to offset, payment may be delivered electronically or by mail to plaintiff's counsel at Donati Law, PLLC.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 13, 2025
Date

- 3 -